USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-25-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EZEQUIEL GONZALEZ
on behalf of himself, FLSA Collective Plaintiffs
and the Class

       Plaintiff,       13 Civ. 3629 (PKC)

  -against-           MEMORANDUM
                   AND ORDER
SCALINATELLA, INC. d/b/a/ SCALINATELLA
RISTORANTE, ALFIO RUOCCO, and LUIGI RUSSO
       Defendants.
-----------------------------------------------------------x

CASTEL, District Judge:

    Plaintiff Ezequiel Gonzalez has moved for conditional certification of this action as a representative collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of all tipped employees, including delivery people, waiters, runners, busboys, and bartenders employed by defendants within the last six years, and other ancillary relief relating to the manner and content of notice. In opposition to the motion, defendants (collectively, "Scalinatella") argue that Gonzalez has not demonstrated that there are similarly situated employees and object to Gonzalez's proposed opt-in notice and consent form. For the reasons set forth below, plaintiff's motion is granted, subject to the modifications to its proposed form of notice and production of contact information imposed by the Court.

DISCUSSION

I. Conditional Collective Action Certification

    The FLSA provides that an action for unlawful employment practices may be brought against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have discretion to implement section 216(b) "'by facilitating notice to potential plaintiffs' of the

pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). "In a collective action under FLSA – unlike in a class action under Federal Rule of Civil Procedure 23 – only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it." Damassia v. Duane Reade, Inc., 04 Civ. 8819 (GEL), 2006 WL 2853971, *2 (S.D.N.Y. Oct 5, 2006) (Lynch, J.). Although orders facilitating notice are often referred to as orders "certifying" a collective action, the FLSA does not contain a certification provision. Id. "Certification" is simply "the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members." Myers, 624 F.3d at 555 n.10.

In determining whether to exercise its discretion to send notice to potential class members, courts in this Circuit conduct a two-phase inquiry. Id. at 554-55 (reviewing the two-phase inquiry and deeming it "sensible" for evaluating certification under section 216(b)); see also Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007). At the first phase, the court makes a preliminary determination as to whether potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. See Myers, 624 F.3d at 555; Damassia, 2006 WL 2853971 at *3. Plaintiffs' burden at this initial stage is "minimal," Damassia, 2006 WL 2853971 at *3, requiring only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). No showing of numerosity, typicality, commonality and representativeness is required. See Lynch, 491 F. Supp. 2d at 369; Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The 'similarly situated' standard . . . is thus considerably more liberal than class certification under Rule 23.") (quotation marks omitted). "In this first

stage, a court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice." Mendoza v. Ashiya Sushi 5, Inc., 12 Civ. 8629 (KPF), 2013 WL 5211839, at *3 (S.D.N.Y. Sept. 16, 2013) (internal quotation marks and citation omitted). "The court's first task is only to conclude whether there may be other similarly situated workers." Shi Yong Li v. 6688 Corp., 2013 WL 5420319, at *2 (S.D.N.Y. Sept. 27, 2013) (emphasis in original).

If the plaintiffs meet their burden, the court conditionally certifies the collective action and authorizes the plaintiffs to send notice to potential collective action members. See Iglesias-Mendoza, 239 F.R.D. at 368. Court-authorized notice is preferred because such notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989).

After discovery, typically on the defendant's motion for decertification, courts engage in the second phase of analysis. See Iglesias-Mendoza, 239 F.R.D. at 367. During the second stage, the court determines on a full record, and under a more stringent standard, whether the additional plaintiffs are, in fact, similarly situated. See Damassia, 2006 WL 2853971 at *3. If the court concludes that all plaintiffs are similarly situated, the collective action proceeds to trial; otherwise, the collective action is decertified and the claims of the opt-in plaintiffs are dismissed without prejudice. See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).

Gonzalez has made the "modest factual showing" that he and potential opt-in plaintiffs were victims of a common policy or plan. Gonzalez submitted a declaration, in which he attests, inter alia, that he personally observed that it was Scalinatella's policy to pay all tipped

employees below the statutory minimum wage for tipped employees; that he and other tipped employees were not paid overtime wages at a rate of one-and-one-half the hourly rate when they worked more than 40 hours per week; that Scalinatella implemented a tip pooling policy which distributed tips to non-tipped employees; that Scalinatella required all tipped employees to spend more than twenty percent of their daily time performing non-tipped duties; that he did not receive any spread of hours premium; that he and other tipped employees were not provided with proper paystubs; and that all tipped employees were subject to time shaving. (Gonzalez Decl. ¶¶ 2-11.) Courts in this district have approved conditional collective action certification based on the facts alleged in the complaint and one accompanying affidavit. See, e.g., Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., 12 Civ. 265 (PAE), 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012); Hernandez v. Bare Burger Dio Inc., 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013).

    Scalinatella contends that Gonzalez has not demonstrated that he was subject to the same policy or plan as other tipped employees. The cases Scalinatella relies upon in support of this proposition are distinguishable from the present case. Unlike in Guan Ming Lin v. Benihana Nat'l Corp, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (adopting the report and recommendation of Hon. James C. Francis IV, U.S.M.J.), in which the plaintiff's declaration did not clearly allege that he was paid less than the minimum wage and did not provide information about other employees, including whether or not they were tipped employees, Gonzalez's declaration states that, inter alia, he was paid below the minimum wage, and that he observed that it was Scalinatella's policy to pay tipped employees below the minimum wage for tipped employees. (Gonzalez Decl. ¶ 2.) Gonzalez has made the "modest" showing necessary at this stage.

Scalinatella also argues that Gonzalez has failed to make the modest factual showing that he and other tipped employees were subject to a common policy or plan because his declaration is conclusory and false. To the extent that Scalinatella purports to contradict factual statements sworn by Gonzalez in his affidavit, the Court defers to the plaintiff's version of events at this early stage of the proceeding. "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Shi Yong Li, 2013 WL 5420319, at *1 (internal quotation marks and citation omitted); see also Sanchez v. Gansevoort Mgmt. Grp., Inc., 12 Civ. 75 (KBF), 2013 WL 208909, at *1 n.1 (S.D.N.Y. Jan. 10, 2013); Salomon v. Adderly Indus., Inc., 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012) ("Courts in this Circuit regularly rely on hearsay evidence to determine the propriety of sending a collective action notice.") (quotation marks and alterations omitted). "The Court offers no conclusion with respect to the merits, but 'need not evaluate the merits of [a plaintiff's] claims in order to determine that a definable group of 'similarly situated' plaintiffs' exists." Mendoza, 2013 WL 5211839, at *4 (quoting Hoffman, 982 F. Supp. at 262.

Gonzalez has alleged that other tipped employees performed "the same or similar work" as he did. (Gonzalez Decl. ¶ 5.) He has sufficiently alleged policies that affected all tipped employees at Scalinatella. See Hernandez, 2013 WL 3199292 at *4; Khamsiri, 2012 WL 1981507, at *1. Gonzalez has sufficiently alleged that current and former tipped employees are "similarly situated." Accordingly, the Court conditionally certifies a collective action of current and former tipped employees.

II. Court Authorization of Notice

The Supreme Court has held that the ability of employees to receive the benefits of collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to

participate." Hoffman-La Roche, 493 U.S at 170. "Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." Id. at 172.

"Neither the statute, nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain. The Supreme Court has abstained from reviewing the contents of a proposed noticed under § 216(b), noting that such 'details' should be left to the broad discretion of the trial court." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (quoting Hoffman-La Roche, 493 U.S. at 170).

 a. Mailing of Notice

Gonzalez proposes that notice should be sent to all tipped workers employed by Scalinatella within six years of the date of the filing of the complaint in this case. Scalinatella argues that the six-year proposed notice period exceeds the statute of limitations under the FLSA, which is two years, except in the case of willful violations, for which the statute of limitations is three years. 29 U.S.C. § 255(b). The complaint alleges violations of both the FLSA and New York Labor Law. The statute of limitations under the New York Labor Law is six years from the date the complaint is filed. N.Y. Lab. Law § 198(3). "Where as here, Plaintiffs' Complaint also includes NYLL claims, courts in this District routinely deny requests to limit the Notice time period to three years, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL." Guaman v. 5 "M" Corp., 13 Civ. 3820 (LGS), 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013) (quotation marks and alterations omitted). Accordingly, the notice should be sent to all tipped employees who were employed by Scalinatella at any time in the six years preceding the filing of the complaint.

b. Form of Notice

i. Defense Counsel's Contact Information

Scalinatella requests that the name, address, and telephone number of its counsel be included on the notice. Gonzalez opposes this request. "FLSA notices routinely include this information." Mendoza, 2013 WL 5211839, at *7; see also Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). Accordingly, the Court directs Gonzalez to include defense counsel's contact information on the notice.

ii. Defendants' Objections to Claims

The parties agree that the notice shall include the following language:

Defendants assert that they paid all employees properly.
Defendants assert that a collective action is proper in this lawsuit
and anticipate moving to decertify the collective action at the close
of discovery, as they have the right to do. Defendants assert that
plaintiffs have not demonstrated the necessary elements required to
establish a collective action.

iii. Reference to Employees Rights under NYLL

The parties agree that the notice shall not include language regarding Gonzalez's state law claims. Therefore, the notice shall omit such language.

iv. Reference to anti-retaliation provision of FLSA

The notice shall include reference to the anti-retaliation provision of the FLSA. See, e.g., Lynch, 491 F. Supp. 2d at 373; Anglada v. Linens 'N Things, Inc., 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *11 (S.D.N.Y. May 29, 2007).

v. Time Limit to Opt-In

Gonzalez requests a 60-day period of time to opt in. Scalinatella requests that the time to opt-in be limited to 45 days. "[A] 60 day period . . . is . . . consistent with FLSA practice." Whitehorn, 767 F. Supp. 2d at 451-52. Because of the possibility of delay due to the

- 7 -

close proximity to year end and the accompanying holidays, the Court grants Gonzalez's request for a 60-day opt-in period.

### vi. Return of Notice

Scalinatella requests that consent-to-sue forms be returnable to the Court, rather than to Gonzalez. Gonzalez opposes this request. Courts in this district have differed on whether consent-to-sue forms should be returned to the Court, rather than plaintiff's counsel. Compare Hallissey v. Am. Online, Inc., 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring consent forms to be mailed to the court "to prevent discouraging the [opt-in plaintiffs] from seeking outside counsel") with Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59-60 (S.D.N.Y. Sept. 22, 2009) (permitting notice to be sent to plaintiff's counsel). Gonzalez has agreed to include a statement that informs putative class members of their right to retain alternative counsel. With such a statement provided in the notice, the consent-to-sue forms may be returned to plaintiff's counsel.

### vii. Spanish Translation of Notice

The Court agrees that a Spanish translation of the notice is proper. See Guaman, 2013 WL 5745905, at *5; Khamsiri, 2012 WL 1981507 at *2.

### c. Posting of Notice

Gonzalez requests that the Notice and Consent to Sue letter be sent to potential opt-in plaintiffs via First Class Mail and that they be posted at Scalinatella's business locations. Courts in this district have differed on whether to permit posting of notice. Compare Capsolas v. Pasta Res., Inc., 10 Civ. 5595 (RJH), 2011 WL 1770827, at *5 (not requiring a posting of notice in defendants' restaurants) with Mendoza, 2013 WL 5211839, at *9 ("Courts routinely approve the posting of notice on employee bulletin boards and in common employee spaces.") First Class Mail is sufficient to provide potential class members with notice in this case. In view of

the mailing, the notice need not be posted in Scalinatella's business locations. See <u>Aponte v. Comprehensive Health Mgmt., Inc.</u>, 10 Civ. 4825 (PKC), 2011 WL 2207586, at *7 (S.D.N.Y. June 2, 2011).

    d. <u>Production of Employee Data</u>

Scalinatella is ordered to produce the names and last known addresses of all tipped employees who were employed by Scalinatella at any time in the six years preceding the filing of the Complaint. At this juncture, Scalinatella need not disclose telephone numbers, email addresses, titles, compensation rates, or period of employment. The Court will revisit the issue of email addresses and/or telephone numbers as to mailings returned by the United States Postal Service as undeliverable.

## CONCLUSION

Plaintiff's motion for conditional certification (Dkt. 17) is granted. Within 14 days of the issuance of this Memorandum and Order, Plaintiff shall submit a revised version of the proposed notice and opt-in form, reflecting the above-ordered modifications, for final court review. Within 14 days of the issuance of this Memorandum and Order, Scalinatella shall produce to plaintiff a list of the names and last known addresses of all tipped employees who were employed by Scalinatella at any time in the six years preceding the filing of the Complaint.

SO ORDERED.

                                                      P. Kevin Castel
                                        United States District Judge

Dated: New York, New York
       November 22, 2013