**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**EZEQUIEL GONZALEZ,**

$\qquad\qquad\qquad\qquad\qquad\qquad$ **Docket No.:  13-CV-3629 (PKC)**

$\qquad\qquad\qquad$ **Plaintiff,**

$\qquad$ **v.**

**SCALINATELLA, INC., d/b/a SCALINATELLA**
**RISTORANTE, ALFIO RUOCCO, and LUIGI**
**RUSSO,**

$\qquad\qquad\qquad$ **Defendants.**
----------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM**
**OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**


$\qquad\qquad\qquad\qquad$ Joseph M. Labuda, Esq.
$\qquad\qquad\qquad\qquad$ Matthew A. Brown, Esq.
$\qquad\qquad\qquad\qquad$ MILMAN LABUDA LAW GROUP PLLC
$\qquad\qquad\qquad\qquad$ Attorneys for Defendants
$\qquad\qquad\qquad\qquad$ 3000 Marcus Avenue, Suite 3W8
$\qquad\qquad\qquad\qquad$ Lake Success, NY  11042
$\qquad\qquad\qquad\qquad$ (516) 328-8899

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT.................................................................................................1

ARGUMENT .........................................................................................................................2

  POINT I - PLAINTIFF'S DEGREE OF SUCCESS WAS MARGINAL .................................2

  POINT II - PLAINTIFF'S COUNSEL'S PROPOSED HOURLY RATES ARE UNREASONABLE...5

  POINT III - FEES FOR UNSUCCESSFUL CLAIMS MUST BE REDUCED...................................10

  POINT IV - THE HOURS EXPENDED BY LEE LITIGATION GROUP ARE UNREASONABLE.11

  POINT V - PLAINTIFF'S COSTS MUST BE REDUCED.................................................14

  POINT VI - CONCLUSION .............................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F. Supp. 2d 305 (S.D.N.Y. 2008)................................3

Access 4 All, Inc. v. Grandview Hotel Ltd. P'ship, No. CV 04-4368 (TCP) (MLO), 2006 U.S. Dist. LEXIS 15603, at 12 (S.D.N. Y. Mar. 6, 2006) ..........................................................13

Access 4 All, Inc. v. HI 57 Hotel, LLC, No. 04 Civ. 6620 (GBD) (FM), 2006 WL 196969, at 3 (S.D.N.Y. Jan. 26, 2006)...........................................................................................12

Aiello v. Town of Brookhaven, No. 94-CV-2622 (FB) (WDW), 2005 U.S. Dist. LEXIS 11462, 2006 WL 1397202, at *4-5 (E.D.N.Y. June 13, 2005) .....................................................10

Aiello v. Town of Brookhaven, No. 94-CV-2622 (FB)(WDW), 2005 U.S. Dist. LEXIS 11462, at * 12 (E.D.N.Y. June 13, 2005) .............................................................................13

Angamarca v. Pita Grill 7 Inc., No. 11 Civ. 7777, 2012 U.S. Dist. LEXIS 108322 at *45 (S.D.N.Y. Aug. 2, 2012) ...........................................................................................7

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) ....................................................................................................1

Ayres v. 127 Rest. Corp., No. 99-7723, 1999 WL 1295335, at *1 (2d  Cir. Dec. 23, 1999 .......................10

Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) ........................................2

Betancourt v. Giuliani, 325 F. Supp. 2d 330, 334-35 (S.D.N.Y. 2004)......................................................3

Cesario v. BNI Constr., Inc., No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155 at *25-26 (S.D.N.Y. Dec. 15, 2008) ...........................................................................................6

Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)...............................................7

Comm'n Express Nat'l, Inc. v. Rikhy, No. CV-03-4050 (CPS), 2006 U.S. Dist. LEXIS 8716, at *18 (E.D.N.Y. Feb. 16, 2006).........................................................................13

Farrar v. Hobby, 506 U.S. 103, 114 (1992) ............................................................................................2

Garcia v. Badyna, 2014 U.S. Dist. LEXIS 134089 (E.D.N.Y. Sept. 4, 2014) ...........................................14

Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) ........................................................................5

Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76 (E.D.N.Y. 2012) ........................................................6

Hyeon Soon Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202 (E.D.N.Y. November 30, 2007) ..........7

Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ....................................................................12

Krause v. Eihab Human Servs., 2014 U.S. Dist. LEXIS 136599 (E.D.N.Y. June 6, 2014) ........................9

Levy v. Powell, No. CV-OO-4499(SJF), 2005 WL 1719972, at 6 (E.D.N.Y. July 22, 2005).......................5

Local 32B-32J, SEIU v. Port Auth., 180 F.R.D. 251, 253 (S.D.N.Y. 1998) .............................................13

Maldonado v. Bistro 1285 Inc., 2013 U.S. Dist. LEXIS 70815, 11-12 (S.D.N.Y. May 13, 2013)..............6

Moon v. Gab Kwon, No. 99 CIV. 11810 (GEL), 2002 WL 31512816 (S.D.N.Y. Nov. 8, 2002) .............11

Morris v. Eversley, 343 F. Supp. 2d 234, 246 (S.D.N.Y. 2004)................................................................5

Murray v. Comm'r of N.Y. Dep't of Educ., 354 F. Supp. 2d 231 (E.D.N.Y. 2005).....................................6

Nam Yang v. ACBL Corp., No. 04 CIV. 8987 (LBS), 2006 WL 435720, at *1 (S.D.N.Y. Feb. 22, 2006) 8

Painewebber Ltd. Partnerships Litig., No. 94 Civ. 8547 (SI-IS), 2003 WL 21787410, at 4 (S.D.N.Y. Aug. 4, 2003) ...........................................................................................12

Peacock v. Schwartz, 154 F. Supp. 2d 428, 430 (E.D.N.Y. 2001) ...........................................................2

Quarantino v. Tiffany & Co.,166 F. 3d 422, 425 (2d Cir. 1999) ............................................................10

Raniola v. Bratton, No. 96 Civ. 4482 (MHD), 2003 WL 1907865, at 6n. (S.D.N.Y. Apr. 21, 2003) .........6

Raymond Ng v. HSBC Mortg. Corp., 2008 U.S. Dist. LEXIS 102493 (E.D.N.Y. Dec. 18, 2008).............3

Reiseck v. Universal Communs. of Miami, Inc., 2014 U.S. Dist. LEXIS 150704 (S.D.N.Y. Sept. 5, 2014)
.......................................................................................................................................... 10
Sabatini v. Corning-Painted Post Area Sch. Dist., 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001).............. 12
Scanlon v. Kessler, No. 97 CIV. 1140 (CBM). 1998 WL 726047, at *4 (S.D.N.Y. Oct. 14, 1998) ........... 3
Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003)................ 13
Smith v. Wettenstin, No. 02 Civ.5806 (MHD), 2003 WL 22966281, at 3 (S.D.N.Y. Dec. 16, 2003) .. 6
Sparkman v. Zwicker & Assoc., P.C., No. 04 CV 1143 (NG) (KAM), 2006 WL 463939, at 2 (E.D.N.Y.
  Feb. 27, 2006) .................................................................................................................................. 3
Sterling v. Envtl. Control Bd. of City of New York, 793 F.2d 52, 58 (2d Cir. 1986).................................. 1
Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) ............................................................ 6
White v. Western Beef Props., 2014 U.S. Dist. LEXIS 155524 (E.D.N.Y. Oct. 30, 2014)...................... 10
White v. Western Beef Props., 2014 U.S. Dist. LEXIS 155868 (E.D.N.Y. Sept. 30, 2014) ..................... 10

**Statutes**

Fed. R. Civ. Proc. 26(a)(1)(iii)................................................................................................................... 3
29 U.S.C. § 216(b)......................................................................................................................................1
N.Y. Lab. Law §§ 198(1-a), 663(1) .......................................................................................................... 1

iii

## PRELIMINARY STATEMENT

Plaintiff's counsel seeks approximately $81,000 in fees and costs for a case that they should have settled at the outset. Plaintiff's counsel valued the case at approximately $60,000.00 and ultimately settled for $7,500.00. Based on Plaintiff's marginal success in this case, this Court should deny Plaintiff's request for fees outright or substantially reduce the fees sought by Plaintiff's counsel.

As set forth below, Plaintiffs' application should be denied or substantial reduced for various reasons. First, Plaintiff's degree of success was fractional compared to his alleged damages. Second, the hourly rates billed by Plaintiff's counsel are unreasonable. Third, Plaintiff's counsel is not entitled to fees for unsuccessful motion practice and litigation tactics. Fourth, the hours billed by Plaintiff's counsel were unreasonable in this matter.

Accordingly, Plaintiff's counsel's fees and costs must be reduced to, at most, $7,500.00, i.e. the same amount Plaintiff recovered.

## STANDARD

Plaintiff's request for attorney's fees should be substantially reduced and/or rejected because it is excessive and seeks unrecoverable fees. Reasonable attorney's fees and costs are awarded to a prevailing plaintiff in an action under the FLSA or NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  In setting the reasonable hourly rate, the court is to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is

fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  <u>Id</u>. at 186 n. 3.

**ARGUMENT**
**POINT I**
**PLAINTIFF'S DEGREE OF SUCCESS WAS MARGINAL**

Plaintiff's counsel's fees must be reduced significantly based on Plaintiff's lack of success on his claims. In fact, it is widely held that "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." <u>Barfield v. N.Y. City Health & Hosps. Corp.</u>, 537 F.3d 132, 152 (2d Cir. 2008); <u>Peacock v. Schwartz</u>, 154 F. Supp. 2d 428, 430 (E.D.N.Y. 2001)("When considering the[] factors, the degree of success obtained is the most critical factor to consider."); <u>Farrar v. Hobby</u>, 506 U.S. 103, 114 (1992) ("the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained.").

In this case, there is no question that the relief sought was not attained. Initially, Plaintiff did not list any specific amount of damages in the Complaint (filed on May 30, 2013) or Rule 26 Initial Disclosures. However, Plaintiff stated his damages were $59,003.23 in his Responses to Defendants' First Set of Interrogatories. <u>See</u> Declaration of Joseph M. Labuda, Esq., at Exhibit "A." Ultimately, Plaintiff settled his claims for $7,500.00. However, if Plaintiff had indicated in his Complaint (or any other document) that his damages were $7,500.00, Defendants would have settled this case in the first week for nuisance value of $7,500.00 in order to avoid the costs and expenses of litigation. Conversely, Plaintiff's counsel should not be rewarded with 100% of his fees when he only obtained a 12.7% recovery for his client. Accordingly, at most Plaintiff's

2

counsel should recover only 12.7% of his requested fees. There is such precedent for reduction of large percentages. <u>Sparkman v. Zwicker & Assoc., P.C.</u>, No. 04 CV 1143 (NG) (KAM), 2006 WL 463939, at 2 (E.D.N.Y. Feb. 27, 2006) (concluding "that a <u>75 percent reduction</u> in the amount of hours expended all legal work is appropriate" where although plaintiff was successful on her claims for statutory damages, <u>no relief  was granted to the putative class</u>, and where counsel duplicated work from earlier filed lawsuits) (emphasis added); <u>Betancourt v. Giuliani</u>, 325 F. Supp. 2d 330, 334-35 (S.D.N.Y. 2004) (reducing award by <u>90%</u> in civil rights class action where the lawsuit's only success was a settlement with <u>one plaintiff</u>); <u>Scanlon v. Kessler</u>, No. 97 CIV. 1140 (CBM). 1998 WL 726047, at *4 (S.D.N.Y. Oct. 14, 1998) (reducing plaintiff's figure by a percentage to account for plaintiff's limited success). However, as outlined below, the Court should further reduce the instant fee application.

In the instant matter, there are also a multitude of other factors that warrant a substantial reduction of Plaintiff's counsel's fees. First, as indicated above, Plaintiff failed to provide a computation of damages with his Rule 26 Initial Disclosures, and is not entitled to any damages. In fact, Rule 26 requires Plaintiff to provide "a computation of each category of damages claimed." Fed. R. Civ. Proc. 26(a)(1)(iii). Moreover, courts have ordered a party to supplement disclosures required by Fed. R. Civ. Proc. 26(a)(1) (iii) to include a damages computation. <u>See</u> <u>Yong F. Ke v. 85 Fourth Ave., Inc.</u>, 2009 U.S. Dist. LEXIS 33250 (S.D.N.Y. Apr. 20, 2009) (ordering party to supplement initial disclosures by producing a non-confidential damages computation); <u>24/7 Records, Inc. v. Sony Music Entm't, Inc.</u>, 566 F. Supp. 2d 305 (S.D.N.Y. 2008)(Rule 26(a)(1)(A)(iii) requires initial disclosure of "a computation of each category of damages claimed" and its accompanying damages computation); <u>Raymond Ng v. HSBC Mortg. Corp.</u>, 2008 U.S. Dist. LEXIS 102493 (E.D.N.Y. Dec. 18, 2008) (precluding

3

plaintiff from seeking damages for item for which he failed to provide a computation of damages). Since Plaintiff never provided a computation of damages with his Rule 26 Initial Disclosures, he is precluded from seeking damages including any attorneys' fees.

Second, Plaintiff's counsel refused to settle except on a class basis (Plaintiffs' motion for class action was ultimately denied by the Court). See Declaration of Joseph M. Labuda, Esq., at Exhibit "B." This in turn, caused an excessive amount of unneeded time to be spent on this case by Plaintiff's counsel, Defendants' counsel and the Court. After no other individuals opted into the collective action and after failing to obtain certification of a class action, Plaintiff offered to settle the case for $25,000 plus an additional $125,000.00 in attorneys' fees (which in hindsight was a flagrant embellishment by Plaintiff's counsel). See Declaration of Joseph M. Labuda, Esq., at Exhibit "C." Plaintiff finally settled his individual claim for $7,500.00 (as noted above) - which in comparison to the relief demanded of $59,003.23 - is not a highly successful outcome. It would be inappropriate to now reward Plaintiff's counsel for unreasonably extending this case. In fact, awarding substantial fees to Plaintiff would create a moral hazard by incentivizing Plaintiff's counsel (and other counsel) in future cases to unnecessarily churn and delay an appropriate settlement in order to run up large fees. Such a situation benefits no one - not Plaintiff who has to wait longer to settle his case; not Defendants who have to expend more in defense fees; not the Court whose docket is being clogged up with these cases (as provided by the Federal Judicial Center, a total of 8,126 FLSA cases were filed in the 12 month period prior to March 31, 2014, up nearly 438 percent since 2000).

Fourth, an across-the-board percentage cut in the number of hours claimed and/or in the amount is warranted because the amount of Plaintiff's settlement (a mere $7,500.00) is grossly disproportionate to the amount sought in attorney's fees (approximately $81,252.50). Indeed,

Plaintiff's damages amount to approximately 12.7% of the amount he seeks in attorneys' fees. "Although the amount of attorney's fees awarded may exceed the amount of damages ultimately recovered by the plaintiff, the court must consider the amount of damages awarded in evaluating the reasonableness of a claim for attorneys' fees." Levy v. Powell, No. CV-OO-4499(SJF), 2005 WL 1719972, at 6 (E.D.N.Y. July 22, 2005) (emphasis added); See also Morris v. Eversley, 343 F. Supp. 2d 234, 246 (S.D.N.Y. 2004) (recognizing that the degree of monetary success (or lack thereof) is a factor that must be considered).

In considering this motion, the Court should look hard at how Plaintiff's counsel prosecuted this case and ask if Plaintiff's counsel should have settled such a small case earlier. If the answer is yes, then the Court should cut off all fees after the Court deems that Plaintiff's counsel should have settled the case. Defendants believe that this case should have been settled before the Answer was even filed. It was unreasonable for Plaintiff's counsel to expend the amount of time for he allegedly spent on this case that ultimately settled for $7,500.00. Accordingly, this Court should exercise its discretion and reduce the excessive and unreasonable fees sought by Plaintiff to no more than $7,500.00 in light of the disproportionately low amount of damages Plaintiff recovered.

**POINT II**
**PLAINTIFF'S COUNSEL'S PROPOSED HOURLY RATES ARE UNREASONABLE**

To determine the reasonable hourly rate for Plaintiff's counsel, the Court must look to the market rates currently "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotations omitted). As set forth below, the rate of $550 per hour sought for partners, $350 per hour for counsel, $175-$250 per hour for associates and $125-$130

5

per hour for paralegals by Plaintiff's counsel is excessive.

The courts in the Southern District have recognized that the "size of the firm representing a plaintiff seeking attorney's fees is a factor in determining a reasonable attorney's fee, largely because of overhead costs." Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005); See also, Murray v. Comm'r of N.Y. Dep't of Educ., 354 F. Supp. 2d 231 (E.D.N.Y. 2005) (noting that hourly rates tend to be higher at large firms to compensate for higher overhead costs); Smith v. Wettenstin, No. 02 Civ.5806 (MHD), 2003 WL 22966281, at 3 (S.D.N.Y. Dec. 16, 2003) ("As a single practitioner, [plaintiff's attorney] does not face the overhead of the larger firms and hence his compensation is - all other things being equal - appropriately set at a lower rate."); Raniola v. Bratton, No. 96 Civ. 4482 (MHD), 2003 WL 1907865, at 6n. (S.D.N.Y. Apr. 21, 2003) ("The size of the firm is deemed to be pertinent [in calculating a reasonable hourly rate] because larger law firms are assumed to carry a larger overhead, thus necessitating a higher hourly rate.").

Accordingly, the Tlacoapa Court found billing rates of $375 per hour for an attorney with 20 years or experience and $300 per hour for an attorney with nine years of experience, both in a three-attorney firm, to be "unreasonably high." Id, 386 F. Supp. 2d at 369.  (Emphasis added.)  Instead, this Court held that reasonable rates for these attorneys were $250 per hour and $200 per hour, respectively.  Id. at 370; see also Maldonado v. Bistro 1285 Inc., 2013 U.S. Dist. LEXIS 70815, 11-12 (S.D.N.Y. May 13, 2013)("In light of the straightforward nature of this case… awards in similar cases, $250 is a reasonable hourly rate."); Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76 (E.D.N.Y. 2012) (awarding $275 to a partner and $225 to an associate in a similar FLSA/NYLL case); Cesario v. BNI Constr., Inc., No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155 at *25-26 (S.D.N.Y. Dec. 15, 2008) (awarding $200-$250 as reasonable hourly

rates in a FLSA case); <u>Angamarca v. Pita Grill 7 Inc.</u>, No. 11 Civ. 7777, 2012 U.S. Dist. LEXIS 108322 at *45 (S.D.N.Y. Aug. 2, 2012) (finding a $200 hourly rate reasonable for an attorney with 14 years experience in a FLSA case); <u>Hyeon Soon Cho v. Koam Med. Servs. P.C.</u>, 524 F. Supp. 2d 202 (E.D.N.Y. November 30, 2007) (the court set hourly rates for a partner at Dewey & LeBoeuf LLP at $250, associates at $175 and paralegals at $75); <u>Cho v. Koam Med. Servs. P.C.</u>, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (reducing partner rate to $250 in "relatively simple" FLSA default action).

Here, Plaintiff has offered no evidence of what a paying client would be willing to pay his counsel. Moreover, there is no evidence that Plaintiff agreed to pay anything in this case as they did not even include their retainer for the Court's review. In fact, the only retainer agreements Plaintiff provides are retainer agreements with other clients for whom Plaintiff's counsel provided defense services on an hourly basis. These agreements are not instructive as to the rate Plaintiff would be willing to pay for his counsel's services.

Furthermore, Plaintiff's counsel's law firm is a small boutique firm with only seven (7) attorneys. <u>See</u> *Our Team,* LEE LITIGATION GROUP, PLLC, http://www.leelitigation.com/#!team/ galleryPage (last visited January 23, 2015).[1] A small firm like Plaintiff's counsel must carry limited overhead, requiring a reduction in the various proposed hourly rates. <u>See Tlacoapa</u>, 386 F. Supp. at 370. Additionally, C.K. Lee ("Lee") conceded that he has only sixteen (16) years of experience in labor law litigation and his associates have only one (1) to three (3) years experience. Additionally, Robert Kraselnik ("Kraselnik"), who has not submitted an affidavit but is listed on the billings as a partner, is a sole practitioner and graduated law school in 1997 and has only been practicing for about seventeen (17) years according to his website. <u>See</u> *Attorney*

---

[1] Plaintiff's counsel also lists Robert Kraslnik as a partner and Allan Chang in the breakdown of its attorneys' fees application. These attorneys are not listed on Plaintiff's counsel's website as having any affiliation with the firm.

*Bio,* THE LAW OFFICES OF ROBERT L. KRASELNIK PLLC, http://www.kraselnik.com/Attorney-Bio.html (last visited January 23, 2015).

Moreover, Plaintiff's counsel cites to several FLSA settlements in which an hourly rate of $550 have been approved. (See Declaration of C.K. Lee). However, in almost each case listed Plaintiff's counsel's application was a class wide settlement in which the Court oversaw all aspects of settlement, several of which were unopposed. In the few other cases listed, Plaintiff's counsel sought approval not only of their attorneys' fees, but of the settlement in the entire case in controversy. Unlike those cases, the instant application is solely for attorneys fees in which the recovery was a mere fraction of the amount sought by Plaintiff.

Further, the Second Circuit makes it clear that an hourly rate of $350 is reserved for highly experienced attorneys who have been practicing law for well over 25 years. See e.g., Nam Yang v. ACBL Corp., No. 04 CIV. 8987 (LBS), 2006 WL 435720, at *1 (S.D.N.Y. Feb. 22, 2006)(hourly rate of $350 for "highly experienced civil rights attorney" who had been practicing law for 37 years).  Based on these decisions, a rate of no more than $150-250/hour is more than fair for a practitioner with the experience and case handling skills of Lee and Kraselnik. In addition, his hourly billing rate and those rates for other counsel, associates and paralegals must be reduced as well on a proportional scale as indicated herein.

### i.      Other Associates and Paralegals, Not Mr. Lee, Handled a Majority of the Case.

Plaintiff has deceived this Court by inflating its demand in attorneys' fees since associates and paralegals of the firm, and not Lee, handled a majority of this case.

The reasonable hourly rate in the Eastern District of New York is "$200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants" United States ex rel. Krause v. Eihab Human Servs., 2014 U.S. Dist. LEXIS 136599 (E.D.N.Y. June 6,

2014); Gunawan, 897 F. Supp. 2d 76 (awarding $275 to a partner and $225 to an associate in a similar FLSA/NYLL case); Hyeon Soon Cho, 524 F. Supp. 2d 202 (the court set hourly rates for an associate at Dewey & LeBoeuf LLP at $175 and paralegals at $75).

In his affidavit, Lee represents to the Court stating that his firm "has spent more than 249.1 attorney and paralegal hours prosecuting this case." Not only did Lee not spend 249.1 hours on this case, a majority of those hours were spent by associates and paralegals of his firm. In fact, Lee only spent 74.7 hours on the case, with the largest block billings of 8.2 hours and 7.3 hours on a failed Rule 23 motion. (See declaration of C.K. Lee Exhibit A).

Rather, other associates and paralegals handled a majority of the matters in this case. Id. In fact, as evidenced in the billings, drafting discovery requests and responses, drafting motions and reviewing documents in the case were handled by these other individuals. Id.

In fact, Ms. Anne Seelig is counsel to Plaintiff's counsel, and has about ten (10) years of litigation experience. See *Our Team,* LEE LITIGATION GROUP, PLLC, http://www.leelitigation.com/#!team/galleryPage (last visited January 23, 2015). Therefore, Plaintiff's fees must be reduced at an hourly rate between $200 and $250 for the work that Ms. Seelig performed on this matter.

Moreover, Diana Smithens and Shanshan Zheng are listed on Plaintiff's counsel's website, but there is no reference to their experience. See *Our Team,* LEE LITIGATION GROUP, PLLC, http://www.leelitigation.com/#!team/galleryPage (last visited January 23, 2015). Shin Hahn is not listed on the website. However, pursuant to Plaintiff's counsel's bills, these three (3) individuals are junior associates with one (1) to three (3) years of experience. Accordingly, Plaintiff is only entitled to recover $100 to $150 for any work these individuals performed, as awarded in United States ex rel. Krause, *supra* page 8.

Accordingly, based on the facts and case law precedent outlined above, Defendants submit that Plaintiff should be compensated at a rate of no more than $100-$200/hour for work performed by associates and not more than $150-$250 for work performed by Lee and Kraselnik.

### POINT III
### FEES FOR UNSUCCESSFUL CLAIMS MUST BE REDUCED

Any time spent by Plaintiff for unsuccessful claims are not recoverable. This Court should "exclude . . . hours dedicated to severable unsuccessful claims," inclusive of claims dismissed at the summary judgment stage of the case. Quarantino v. Tiffany & Co., 166 F. 3d 422, 425 (2d Cir. 1999); Ayres v. 127 Rest. Corp., No. 99-7723, 1999 WL 1295335, at *1 (2d Cir. Dec. 23, 1999) (excluding all time spent on unsuccessful claims and other work that was "redundant, excessive or not adequately documented"); White v. Western Beef Props., 2014 U.S. Dist. LEXIS 155868 (E.D.N.Y. Sept. 30, 2014)(the Court may reduce fees for unsuccessful claims) adopted by White v. Western Beef Props., 2014 U.S. Dist. LEXIS 155524 (E.D.N.Y. Oct. 30, 2014)("Adopted [by your Honor] without reservation or qualification")(emphasis added); Reiseck v. Universal Communs. of Miami, Inc., 2014 U.S. Dist. LEXIS 150704 (S.D.N.Y. Sept. 5, 2014)("Because several of the claims initially brought were dismissed, the time spent on these claims should, to the extent possible, be excluded from the attorneys' fees."); Aiello v. Town of Brookhaven, No. 94-CV-2622 (FB) (WDW), 2005 U.S. Dist. LEXIS 11462, 2006 WL 1397202, at *4-5 (E.D.N.Y. June 13, 2005) (removing from the calculation of fees all hours worked during a specific period of time when the party focused its efforts on an eventually-unsuccessful claim). Thus, any work performed in advance of unsuccessful motions must be excluded.

First, Plaintiff spent approximately eight (8) hours on a motion to compel discovery submitted on September 18, 2013. In part, this effort was denied, via Court order dated

September 24, 2013. The motion was denied particularly with respect to Plaintiffs overbroad requests for production of discovery for putative class members who were not parties to the litigation. Additionally, Plaintiff's request to compel responses to several other document requests were also denied. Accordingly, fees for the portions of Plaintiff's application must be redacted.

Second, Plaintiff spent approximately twenty two (22) hours on motion for conditional certification of a collective action. Although Plaintiff was successful on the motion, the dissemination of notice to putative class members did not result in a single opt-in consenting to join the case. Defendants expended numerous hours defending against the motion for conditional certification of the class, for which no additional claims were brought by Plaintiff or any other individual.

Third, Plaintiff spent approximately 49 hours on his unsuccessful motion for class action certification pursuant to Rule 23. These hours include meetings to discuss the motion, researching and drafting the motion, revising the motion, analyzing opposition to the motion, research and drafting reply to opposition, commenting to reply for the motion, and finalizing comments to the motion. Defendants expended numerous hours defending against the motion for class action and Plaintiff should not be rewarded for his unsuccessful efforts.

## POINT IV
## THE HOURS EXPENDED BY LEE LITIGATION GROUP ARE UNREASONABLE

This Court should "examine the hours expended by counsel to determine their reasonableness, excluding 'excessive, redundant, or otherwise unnecessary' hours." Moon v. Gab Kwon, No. 99 CIV. 11810 (GEL), 2002 WL 31512816 (S.D.N.Y. Nov. 8, 2002). Upon finding that counsel seeks compensation for excessive hours, as he does here, "the court has discretion

simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Access 4 All, Inc. v. HI 57 Hotel, LLC, No. 04 Civ. 6620 (GBD) (FM), 2006 WL 196969, at 3 (S.D.N.Y. Jan. 26, 2006) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998); Nam Yang, 2006 WL, 435720, at 1 ("In the event the court finds such excess hours, it has the discretion to make an across-the-board percentage cut in the number of claimed hours, instead of making piecemeal adjustments."); In re Painewebber Ltd. Partnerships Litig., No. 94 Civ. 8547 (SI-IS), 2003 WL 21787410, at 4 (S.D.N.Y. Aug. 4, 2003) ("Because it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application, courts apply across-the-board percentage cuts as a practical means of trimming fat from a fee application.") (internal quotations omitted). "Alternatively, of course, [this] Court can make specific adjustments." Access 4 All, Inc., 2006 WL 196969, at 3. As set forth in more detail below, a substantial reduction of the hours sought in Plaintiff's counsel's bills is warranted to account for excessive charges.

Further, it is ironic, to say the least, that in a case where wages were sought for allegedly imprecise time records, the fee application submitted is so replete with vagueness and lack of detail.  Plaintiff's request for attorney's fees should be reduced because Plaintiff's counsel's time records contain very imprecise, undetailed time entries and "block billing," all of which make it impossible to determine how much time was spent on appropriate attorney tasks, duplicative or unnecessary work, clerical tasks, work on unsuccessful motions, or other details necessary to evaluate the reasonableness of Plaintiff's application.  It is well-settled that where, as here, a prevailing party's attorneys' fees are based on vague time entries or "block billed," an across-the-board reduction of the fee application is appropriate. See Sabatini v. Corning-Painted Post Area Sch. Dist., 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (reducing fees by 15% for vague entries

such as "hearing preparation" and "review records"); <u>Sea Spray Holdings, Ltd. v. Pali Fin.</u> <u>Group, Inc.</u>, 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003) (reducing fees due to block billing: [because of these ambiguities, and the inherent difficulties the Court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the Court finds that a fifteen percent 'flat' reduction of the fees . . . is warranted")   (emphasis added); <u>Local</u> <u>32B-32J, SEIU v. Port Auth.</u>, 180 F.R.D. 251, 253 (S.D.N.Y. 1998) (reducing attorneys' fees by 20% to account for vague time entries); <u>see</u> <u>also</u> <u>Access 4 All, Inc. v. Grandview Hotel Ltd.</u> <u>P'ship</u>, No. CV 04-4368 (TCP) (MLO), 2006 U.S. Dist. LEXIS 15603, at 12 (S.D.N. Y. Mar. 6, 2006) (reducing attorneys' fees from $250 to $150/hour and paralegal fees from $100 to $75/hour because, <i>inter alia,</i> "the law firm's practice of block billing makes it impossible for this Court to determine the exact amount of time the attorneys spent on their various tasks"); <u>Comm'n Express Nat'l, Inc. v. Rikhy,</u> No. CV-03-4050 (CPS), 2006 U.S. Dist. LEXIS 8716, at *18 (E.D.N.Y. Feb. 16, 2006) (reducing attorneys' fee by 10% because "the attorneys here engaged in some block billing"); <u>Aiello v. Town of Brookhaven</u>, No. 94-CV-2622 (FB)(WDW), 2005 U.S. Dist. LEXIS 11462, at * 12 (E.D.N.Y. June 13, 2005) (reducing one attorney's bill by <u>15%</u> and another attorney's bill by <u>10%</u> due to vagueness and "block billing").

Here, many of Plaintiff's counsel's time entries are too general and lack any sense of detail, such as:

- <u>C.K. Lee</u>
    - 10/3/13: Comment to response to discovery requests (1.2 hours). Analyze judge's order on discovery dispute. (0.3 hours)
    - 10/24/13: Analyze final preliminary submission. (1.5 hours)
    - 10/30/13: Comment to reply to 216b motion. (3.5 hours)
    - 10/31/13: Comment to reply memorandum of law and proposed order. (2 hours)
    - 2/7/14: Prepare client for deposition. (5.8 hours)

13

- o 2/13/14: Revise rule 23 motion. (8.2 hours)
- o 3/24/14: Comment to reply to Rule 23 motion. (7.3 hours)
- Robert Kraselnik
  - o 3/12/13: Telephone with client re: various factual issues. (.6 hours)
  - o 4/17/13: Prepare Complaint. (3.5 hours)
  - o 5/27/13: Prepare, revise and finalize Complaint. (1.8 hours)
- Anne Seelig
  - o 1/8/14: Revise Rule 23 motion. (1.5 hours)
  - o 2/5/14: Revise Rule 23 motion. (2.5 hours)
- Jasmin Perez
  - o 7/29/13: Prepare discovery package. (.6 hours)
  - o 7/30/13: Finished preparing the discovery package. (1.3 hours)
  - o 8/1/14: Finalized discovery package (1.1 hours)

Such vague time entries make it impossible for this Court to determine the purpose of these conferences and the other listed tasks. Plaintiff fails to provide specific details as to what went into the hours spent performing these tasks. Other time entries contain an inordinate amount of detail or multiple tasks grouped together in one block of time, making it impossible to determine the extent to which the total time claimed should be reduced by virtue of the non-compensable or non-attorney tasks contained therein.

Accordingly, consistent with the precedent set out above, an across-the-board reduction of 20% in the hours and/or fees claimed by Plaintiff is appropriate due to block billing.

### POINT V
### PLAINTIFF'S COSTS MUST BE REDUCED

Plaintiff's request for costs must be reduced. This Court approves costs that are reasonable and well documented. See Garcia v. Badyna, 2014 U.S. Dist. LEXIS 134089 (E.D.N.Y. Sept. 4, 2014).

14

In his motion, Plaintiff makes a request in the amount of $1,150.60 for costs accrued in this litigation. Plaintiff provides a disbursement list of his costs, which includes costs for filing fees, service fees, court reporting, transportation, meals, photocopies and mailings. However, Plaintiff fails to provide invoices detailing the actual cost associated with those activities. Plaintiff merely provides the Court with a list and expects to Court to believe those costs as true. Yet, the Court has no way to know whether Plaintiff was charged for these claimed costs. Moreover, Plaintiff failed to provide the names of the parties who were deposed which required the court reporting and has not provided to where or when the transportation was necessary. It is unfathomable for Defendants to know which deposition costs correlate with the party that was deposed and why the other costs were incurred. Therefore, Plaintiff's litigation costs are not well documented and must be reduced.

### POINT VI
### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny or substantially reduce Plaintiff's petition motion for approval of attorneys' fees and reimbursement of expenses to, at most, $7,500.00 since (1) the requested fee is unreasonable; (2) an overall adjustment to reflect Plaintiff's limited success and limit Plaintiff's counsel's hourly rate based on the fact that associates performed most of the work is warranted; (3) the Court should apply an across-the-board reduction in the hours claimed to account for vague or block billing and travel. Defendants also respectfully requests an order granting to Defendants such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
    January 28, 2015

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Joseph M. Labuda

15